IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| JAY CLOGG REALTY GROUP, INC., | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-13-662 |
| BURGER KING CORP., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jay Clogg Realty Group, Inc. has brought this purported class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant Burger King Corp. sent improper and unsolicited facsimile advertisements to members of the purported plaintiff class. Defendant has moved to dismiss the complaint or to strike the class allegations, arguing that Plaintiff has failed to state a claim and that, in any event, claims under the TCPA are not amenable to class relief. Because I find that there is nothing in the TCPA that precludes a class action, the motion to dismiss is denied.[1]

---

[1] This Memorandum Opinion disposes of (1) Plaintiff's Motion for Class Certification ("Pl.'s Mot. to Certify"), ECF No. 29, and Plaintiff's Reply in Support of Motion to Stay Class Certification ("Pl.'s Certify Reply"), ECF No. 32; and (2) Defendant's Motion to Dismiss Plaintiff's Complaint and/or to Dismiss or Strike Plaintiff's Class Allegations ("Def.'s Mot. to Dismiss"), ECF No. 31; Plaintiff's Opposition ("Pl.'s Dismiss Opp'n"), ECF No. 33; and Defendant's Reply ("Def.'s Dismiss Reply"), ECF No. 35.

I.  BACKGROUND

For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff has alleged in its Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Jay Clogg Realty Group, Inc. is a Maryland corporation with its principal place of business in Rockville, Maryland. Compl. ¶ 1, ECF No. 1. On December 17, 2012, December 24, 2012, and January 10, 2013, in addition to other dates yet to be determined, Plaintiff received several facsimile advertisements (the "Facsimile Advertisements") from Defendant Burger King Corp. advertising Defendant's food delivery service. *See* Compl. ¶ 15; Facsimile Advertisements, Compl. Ex. 1, ECF No. 1-1. Plaintiff "did not give express or implied prior invitation or permission for the transmission of the advertisements" to Defendant. *Id.* ¶¶ 16–17. The advertisements did not include an opt-out notice as required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Compl. ¶ 18; Facsimile Advertisements. The Facsimile Advertisements clearly identified Burger King as their source. *Id.* ¶ 24.

Plaintiff alleges that it is a member of a class of similarly situated persons potentially numbering in the thousands who received similar faxes. *Id.* ¶¶ 31–33. The fact that these facsimiles were sent to a large number of people is evidenced, in part, by the fact that Plaintiff's Maryland business received advertisements and coupons for discounts in Houston and New York City. *Id.* ¶ 23.

Plaintiff filed its Complaint in this Court on March 1, 2013, and filed a Motion to Certify Class, ECF No. 2, that same day. In Plaintiff's motion, it requested a stay to allow sufficient discovery to supplement the motion for class certification. *Id.* at 1. Defendant, pursuant to a stipulation extending its time to answer, filed a Motion to Dismiss for Failure to State a Claim and/or to Dismiss or Strike Plaintiff's Class Allegations, ECF No. 18, on April 29, 2013.

On September 10, 2013, the parties filed a Joint Motion to Stay the Litigation Pending Completion of Mediation, ECF No. 23, informing the Court that the parties had scheduled a mediation and wished to place this case on hold while they sought to reach a settlement, Mem. of Law in Supp. of Joint Mot. to Stay the Litigation Pending Completion of Mediation, ECF No. 23-1. I granted the motion to stay and summarily denied all other pending orders in a series of Paperless Orders entered on September 13, 2013, ECF Nos. 24–26, granting the parties leave to renew their motions if mediation did not succeed.

On December 23, 2013, the parties filed a Joint Status Report advising the Court that mediation had not yet led to a settlement and asking me to lift the stay, ECF No. 28, which I did, Paperless Order, ECF No. 30.

Plaintiff now has renewed its Motion for Class Certification ("Pl.'s Mot. to Certify"), ECF No. 29, and Defendant has renewed its Motion to Dismiss Plaintiff's Complaint and/or to Dismiss or Strike Plaintiff's Class Allegations ("Def.'s Mot. to Dismiss"), ECF No. 31. With respect to Plaintiff's Motion to Certify, Defendants did not file a clearly delineated opposition and the time to do so has passed.[2] With respect to Defendant's Motion to Dismiss, Plaintiff filed an opposition on January 27, 2014 ("Pl.'s Dismiss Opp'n"), ECF No. 33, and Defendant replied on February 13, 2014 ("Def.'s Dismiss Reply"), ECF No. 35.

The motion to dismiss or strike now is fully briefed and appears to make two primary arguments: (1) that Plaintiff has not stated a claim under the TCPA because it has failed to allege that the facsimile advertisements were received on an ink-and-paper facsimile machine, and (2) that TCPA actions inherently are not appropriate for class actions and therefore, even if Plaintiffs

---

[2] Plaintiff did file a Reply in Support of Motion to Stay Class Certification, ECF No. 32 but it is not entirely clear what it was replying to.

otherwise can state a claim, they cannot do so on behalf of a class and the class allegations should be struck.

Having reviewed the filings, I find that a hearing is not necessary. Loc. R. 105.6.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

### B. Motion to Strike

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the court

maintains wide discretion in considering a motion to strike, *see Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012), "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

### III. DISCUSSION

#### A. Defendant's Motion to Dismiss

The TCPA prohibits any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," 47 U.S.C. § 227(b)(1)(C)), unless certain criteria are met. Defendant seeks to dismiss the complaint because Plaintiff did not allege explicitly that it received the Facsimile Advertisements on "'a telephone facsimile machine,' . . . as opposed to another electronic device that does not transcribe the text or images received onto paper, such as a computer or other electronic device." Def.'s Dismiss Mem. 12.

Plaintiff has alleged that "Burger King and/or its agents *transmitted* unsolicited facsimile advertisements to the Plaintiff," Compl. ¶ 15 (emphasis added), and implicitly has alleged that it received those faxes, *see id.*; Facsimile Advertisements. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Terry v. SunTrust Banks, Inc.*, 493 F. App'x 345, 347–48 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is true that Plaintiff did not expressly allege in its complaint that it received the Facsimile Advertisements on a traditional, ink-and-paper fax machine. But "evaluating the sufficiency of a complaint is a

'context-specific task that requires the reviewing court to draw' not only 'on its judicial experience,' but also on 'common sense,'" *Robertson v. Sea Pines Real Estate Cos., Inc.*, 679 F.3d 278, 287 (4th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679), and the natural conclusion reasonably inferred from Plaintiff's allegations is that it received the Facsimile Advertisements on a fax machine.

Moreover, Plaintiff has stated in its brief that "Clogg Realty *did* receive the Burger King Junk Faxes on a traditional facsimile machine." Pl.'s Dismiss Opp'n 23.[3] Though Defendant correctly notes that a brief cannot be used as a device to augment or amend an insufficient pleading, *see* Def.'s Dismiss Reply 10 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)), Plaintiff's statement—made under the good-faith obligations of Fed. R. Civ. P. 11(b)—shows that the natural inferences raised by its Complaint have factual support. Thus the only consequence of granting Defendant's motion would be to force Plaintiff to re-plead the exact same claim, and I will not elevate form over substance in this manner.

Accordingly, Defendant's Motion to Dismiss must be DENIED.

### B. Motion to Strike Class Allegations

Although Plaintiff has asked me to take its motion for class certification under advisement, Pl.'s Mot. to Certify 2, Defendant has moved to strike Plaintiff's class allegations outright pursuant to Fed. R. Civ. P. 12(f), and urges me to take up certain elements of Plaintiff's

---

[3] Defendant bases this objection on *Levine v. 9 Net Ave., Inc.*, No. A-1107-00T1, 2001 WL 34013297, at *5 (N.J. App. Div. June 7, 2001), in which the New Jersey Appellate Division held that a fax received by computer did not violate the TCPA because the recipient need not print out such faxes. Although it is not clear that the language of the statute, which defines a "telephone facsimile machine" as "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line into paper," 47 U.S.C. § 227(a)(3), reasonably can be read to exclude computers connected to telephone lines, there is no need to address that issue where Plaintiff received the Facsimile Advertisements on an ink-and-paper fax machine.

class claim immediately. Def.'s Dismiss Mem. 4–5. Specifically, Defendant argues that, as a matter of law, a claim under the TCPA *cannot* be brought as a class action. *Id.* at 6–11. Defendant seeks to strike Plaintiff's class allegations on the grounds that (i) the TCPA itself does not permit class claims, Def.'s Dismiss Mem. 7, and (ii) as a legal matter, a class action cannot be a superior means of resolving a TCPA claim under Fed. R. Civ. P. 23, Def.'s Dismiss Mem. 8.

### 1. Availability of Class Actions Under the TCPA

Defendant's first argument is that "[t]he legislative history of the TCPA demonstrates that private actions seeking statutory damages thereunder were intended to be brought as individual lawsuits, and not as class actions." Def.'s Dismiss Mem. 7. Accordingly, Defendant argues that even if it has committed legion TCPA violations, the only remedy available to the recipients is to file an unaggregated and conceivably unlimited series of individual actions despite the obvious existence of common issues of fact and law.

Although neither the Fourth Circuit nor this Court has ruled decisively on whether a TCPA claim may be brought as a class action, the Seventh Circuit has rejected Defendant's position, observing that "[c]lass certification is normal in litigation under [the TCPA], because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

As the parties have recognized, the closest case on point in this district is *Germantown Copy Center, Inc. v. ComDoc, Inc.*, No. DKC-12-2799, 2011 WL 1323020 (D. Md. Apr. 1, 2011), *abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). Considering whether jurisdiction could exist under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), Chief Judge Chasanow rejected the possibility that "a class action is not viable

in [a TCPA] case as a clear legal matter." *Id.* at *3. Although other courts had declined to certify a class in TCPA actions, Judge Chasanow observed that, in those cases, the court had "determined that one fact issue—whether each putative class member actually consented to the receipt of fax transmissions—rendered a class action inappropriate." *Id.* But "there is no authority stating that a class action may *never* be certified under the TCPA. To the contrary, many courts have in fact certified 'junk fax' class actions under the Act." *Id.* (citing *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894, 899 (N.D. Ill. 2010); *CE Design Ltd. v. Cy's Crabhouse N., Inc.*, 259 F.R.D. 135, 143 (N.D. Ill. 2009); *Hinman v. M & M Rental Ctr.*, 545 F. Supp. 2d 802, 808 (N.D. Ill. 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 651 (W.D. Wash. 2007)).

Other cases from this district overwhelmingly have assumed that a class action was available under the TCPA. *See Law Offices of Leonard I. Desser, P.C. v. Shamrock Commc'ns, Inc.*, No. JKB-12-2600, 2013 WL 2244811 (D. Md. May 21, 2013) (granting motion to amend complaint to clarify allegations as to the purported class and denying motion to strike class allegations as premature); *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689 (D. Md. 2012) (considering whether settlement offer mooted class claims in TCPA case); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-718, 2012 WL 3127023 (D. Md. July 26, 2012) (granting letters rogatory to allow discovery from Canadian company with respect to purported class claims); *cf. Levitt v. Faxcom*, No. WMN-05-949, 2007 WL 3169078 (D. Md. 2007) (finding that a TCPA action was not amenable to class certification where the transmitter of the facsimiles had gone out of business and was not subject to discovery, so that it would not be possible to obtain databases that would resolve factual issues with respect to the entire class). In sum, the law in this district allows TCPA claims to be pursued as class actions.

Against this weight of authority, Defendant unwisely asks me to chart a different course, relying on the legislative history of the TCPA to foreclose the availability of class relief, undeterred by the fact that this is precisely the sort of argument that the Supreme Court rejected in *Mims v. Arrow Fin. Servs, LLC*, 132 S. Ct. 740, 752 (2012). In *Mims*, the Supreme Court addressed the question of whether a TCPA action could be brought under district courts' federal question jurisdiction, 28 U.S.C. § 1331. The TCPA's legislative history suggested that its sponsor intended to create a state cause of action, *id.* at 752, and the Court noted that the language of the TCPA itself is "uniquely state-court oriented," *Id.* at 750, providing a cause of action "in an appropriate court of [a] State," 47 U.S.C. § 227(b)(3). Nevertheless, the Court held that a TCPA action "arises under federal law" for the purposes of § 1331, *id.* at 749, because, "[i]n the absence of direction from Congress stronger than any [Respondent] has advanced, [the Court applies] the familiar default rule" that cases arising under federal law fall under 28 U.S.C. § 1331. *Id.* at 753. Similarly, even if Defendant is correct "that private actions seeking statutory damages thereunder were *intended* to be brought as individual lawsuits, and not as class actions," Def.'s Dismiss Mem. 7 (emphasis added), the intent of the bill's sponsor cannot trump the default rule that Fed. R. Civ. P. 23 controls whether an action may be brought on behalf of a class.

Further, insofar as Defendant attempts to rely on the legislative history of the TCPA, it appears to be "'looking over a crowd and picking out [its] friends.'" *See* Patricia M. Wald, *Some Observations on the Use of Legislative History in the 1981 Supreme Court Term*, 68 Iowa L. Rev. 195, 214 (1983) (quoting conversation with Harold Leventhal). In focusing on Senator Hollings's intent that the TCPA be enforced in individual actions in small claims court, Defendant ignores the fact that Senator Hollings considered "[c]omputerized calls [to be] the

scourge of modern civilization" and believed that they "threaten our personal health and safety." 137 Cong. Rec. S16204-01 (statement of Sen. Hollings). The statute was part of a regulatory structure designed to "make it as easy as possible for consumers to bring [TCPA] actions," while still remaining "fair to both the consumer and the telemarketer." *Id.* Even though these statements also are not controlling, *Mims*, 132 S. Ct. at 752, it is apparent that allowing consumers to bring a class action under the TCPA is a uniquely effective way to protect a population already besieged by unwanted and aggressive solicitations from persons or companies hawking their products. In fact, if the goal of the TCPA is to remove a "scourge" from our society, it is unlikely that "individual suits would deter large commercial entities as effectively as aggregated class actions and that individuals would be as motivated—or even more motivated—to sue in the absence of the class action vehicle." *Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 95 (3d Cir. 2011).

### 2. Superiority of Class Actions Under the TCPA

Defendant also argues that an action under the TCPA cannot be "superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3), because of its statutory damages provision. Def.'s Dismiss Mem. 8. According to Defendant, "[a]llowing potentially seven- to eight-figure class actions, which would not represent the actual harm to the consumer but could annihilate the telemarketer, abrogates the statutory intent of the TCPA." Def.'s Dismiss Reply 4. But the statutory damages that may be assessed in a class action are no different from those that may result in an enforcement action by a state attorney general. *See* 47 U.S.C. § 227(g)(1) (allowing a state to "bring a civil action on behalf of its residents . . . to recover for actual monetary loss or receive $500 in damages for each violation"); *Md. v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 464 (D. Md. 2012)

(calculating statutory damages at $500 per TCPA violation, based on 69,497 telephone calls, to be over $34 million before a determination as to willfulness). This may seem like harsh medicine, but it arguably is more likely to accomplish the TCPA's purpose of eliminating a "scourge on our society" than would restricting TCPA enforcement to individual actions, in the face of which junk faxers might consider a few thousand dollars' worth of enforcement actions to be a fair cost for intrusive and unwanted advertising directly into people's homes or offices. Nor is it likely that a defendant will be "annihilate[d]" unjustly by such an award, as the Eighth Amendment prohibition on "excessive fines," U.S. Const. amend. VIII, can, in an individual case, prevent penalties "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Universal Elections*, 862 F. Supp. 2d at 465 (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66–67 (1919)).

Accordingly, Defendant's motion to strike also must be DENIED.

### C. Plaintiff's Motion to Certify

Plaintiff has moved for class certification to prevent being "picked off" should Defendant make an offer of judgment under Fed. R. Civ. P. 68. *See* Pl.'s Mot. to Certify ¶ 13. *But see Kensington Physical Therapy v. Jackson Therapy Partners, LLC*, 880 F. Supp. 2d 689, 694 (D. Md. 2012) (holding that such pick-off attempts cannot necessarily moot a class action). Because discovery has not yet been completed, Plaintiff asks me to take its motion under advisement and to stay briefing until "sufficient discovery to further support and supplement" the motion takes place. Pl.'s Mot. to Certify 2. This is somewhat confusing insofar as Plaintiff has filed a reply in support of its motion to certify, Pl.'s Certify Reply, but it does not appear that Defendant has filed a full opposition to the motion.

Defendant argues that Plaintiff's motion should be denied as premature because Plaintiff still wishes to take discovery with respect to its class allegations, *id.* at 4 n.2, a position that Plaintiffs appear to concede, Pl.'s Certify Reply 2–3 (citing Memorandum to Counsel, *Parotte v. Lionetti Assocs., LLC*, No. ELH-13-2660 (D. Md. Dec. 5, 2013), ECF No. 22; *Physicians Healthsource, Inc. v. Purdue Pharma. L.P.*, No. 3:12-cv-1208(SRU), 2013 WL 4782378 (D. Conn. Sept. 6, 2013)). Accordingly, and following the lead of other Judges of this district, "to prevent a prolonged, unresolved motion pending on my docket," Memorandum to Counsel, *Parotte v. Lionetti Assocs., LLC*, No. ELH-13-2660 (D. Md. Dec. 5, 2013), ECF No. 22, Plaintiff's Motion to Certify will be DENIED, without prejudice to Plaintiff filing a properly supported motion once Plaintiff has obtained sufficient discovery.

But particularly because the parties have informed me that they remain engaged in settlement discussions, Joint Status Report on Mediation, ECF No. 28, I believe it is important to address one issue likely to come up in a future motion for class certification. Though Plaintiff has alleged that it received three Facsimile Advertisements over a span of less than one month, Compl. ¶ 15, Plaintiff's Motion to Certify seeks to define the relevant class as:

> All persons or entities within the United States to whom Burger King sent, or caused to be sent, facsimile advertisements promoting Burger King and its services at any time within four years prior to the filing of the instant Complaint.

Pl.'s Mot. to Certify 1. At this time, there are no facts in the record that indicate that Defendant's advertising campaign spanned four years, and it appears that the primary significance of the four-year time period is that it matches the statute of limitations provided for in 28 U.S.C. § 1658(a). If Plaintiff cannot show facts that support its proposed definition of the relevant class, it will be unlikely to obtain a certification of the broadly defined class that it

seeks. *See Jenkins v. Massinga*, 592 F. Supp. 480, 487 (D. Md. 1984) (noting that the court has "power under Fed. R. Civ. P. 23 to define the appropriate class").

### IV. CONCLUSION

For the aforementioned reasons:

Defendant's Motion to Dismiss Plaintiff's Complaint and/or to Dismiss or Strike Plaintiff's Class Allegations is DENIED, and

Plaintiff's Motion for Class Certification is DENIED with leave to refile once Plaintiff obtains adequate factual support for its motion.

Defendant SHALL ANSWER Plaintiff's Complaint within the time required by Fed. R. Civ. P. 12.

A separate order shall issue.

Dated: April 15, 2014                                                                /S/
                                                                          Paul W. Grimm
                                                                          United States District Judge

dsy