UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAY CLOGG REALTY GROUP, INC.,

        Plaintiff,

vs.

BURGER KING CORPORATION,

        Defendant.

CIVIL ACTION NO. 13-cv-00662

**FINAL APPROVAL ORDER AND JUDGMENT**

1. Defendant, Burger King Corporation, and Plaintiff on behalf of the Settlement Class (collectively, the "Parties") reached a settlement. The Parties have submitted a detailed written Stipulation and Agreement of Settlement (the "Settlement" or "Settlement Agreement") together with numerous exhibits and proposed orders. To the extent not otherwise defined herein; all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on December 2, 2015 (Dkt. 71, Hazel, J.) (the "Preliminary Approval Order"). The Court directed the Parties to provide Class Notice of the proposed Settlement by Direct Mail Notice, Facsimile Notice, and Publication Notice, and scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2. On April 15, 2015, this Court held a hearing to determine whether the proposed Settlement Agreement executed by Plaintiff and Burger King Corporation should be approved in final by this Court. Edward A. Broderick, Esq., Matthew P. McCue, Esq., and Stephen H. Ring, Esq. appeared for the Plaintiff and the Settlement Class. Lauri A. Mazzuchetti, Esq. appeared for Defendant Burger King Corporation. A single objection was filed with respect to the proposed Settlement on behalf of Dr. Eric Goldstein d/b/a Sports Psychology Center, Neff

Corp, and Sonia Blair, which, was withdrawn as moot by the Objectors. (Dkt. 100) for the reasons stated by the Parties in the Response to the Objection. Dkt. 97.

3. After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and hearing the attorneys for the Parties the Court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all exhibits thereto.

5. The Court has personal jurisdiction over all Settlement Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto.

6. Based upon the record before the Court, including all submissions in support of the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All persons or entities within the United States to whom Defendant sent, attempted to send, or caused to be sent (or attempted) one or more unsolicited facsimile advertisements promoting its goods or services from March 1, 2009 to November 17, 2014.

In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) & (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class Members it represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class it

represents; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia,* upon the Court's familiarity with the claims and Parties in this case, the interests of the various constituent groups, and the negotiation process overseen by Mediators Hon. Stephen M. Orlofsky and Hon. Edward A. Infante.

7. The Settlement Agreement was reached after arm's-length negotiations between the Plaintiff, Defendant, and their respective counsel. The Settlement Agreement is fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of Plaintiff, Defendant, and the Settlement Class Members.

8. The Settlement is fair, reasonable, adequate and satisfies the requirements under Fed. R. Civ. P. 23. Therefore, each Settlement Class Member will be bound by the Settlement Agreement, including the Release and the covenant not to sue set forth in Section XII of the Settlement Agreement.

9. The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiff and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

10. The Class Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was

concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

12. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata,* collateral estoppel and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action.

13. The Plaintiff, Defendant, and their respective counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

14. All claims against Defendant asserted in this Action, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement.

15. The releases set forth in Section XII of the Settlement Agreement are incorporated by reference and provides, *inter alia,* that for and in consideration of the Cash Benefits, the Released Claims, and the mutual promises contained in the Settlement Agreement, Plaintiff and the Settlement Class Members, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives, fully and finally release, as of the date the Final Approval Order and Judgment becomes Final, Defendant from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law which arise from, are based on or in any way related to the Action or the Released Claims. The Released Claims include, without limitation, all TCPA claims and all state law claims arising out of the alleged sending of facsimiles.

16. The Plaintiff and Defendant are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Settlement Agreement.

17. The Court hereby grants Class Counsel's request for an Incentive Award for the Class Representative in the amount of $15,000.

18. Having considered the application of Class Counsel for Attorneys' fees and expenses, the Court finds that the requested fees and expenses are reasonable in light of the result obtained for the Class, represent a fair percentage of the recovery in light of the significant risk on non-payment in this case, represent a fair approximation of the market for experienced counsel in class action practice and TCPA cases in particular. Class Counsel's requested fee is also confirmed as reasonable by a lodestar cross check, requiring a reasonable multiplier to reflect that the action was taken on a contingent fee basis with a significant risk on non-payment. The Court hereby grants Class Counsel's request for attorneys' fees of $2,833,050 and expenses of $78,259.68.

19. The Court further approves the establishment of the Settlement Fund as set forth in the Settlement Agreement submitted by the Parties.

20. Claimants who submit Approved Claims shall be entitled to receive a maximum Cash Benefit of up to $500 per facsimile received, up to a maximum of eight facsimiles (up to $4,000.00). Multiple subscribers to, and/or owners or users of, the same facsimile machine and/or number will be entitled to a single recovery per facsimile. The Settlement Administrator will verify that the facsimile numbers for which Settlement Class Members seeks recovery appear in the records related to this case before approving Claims.

21. In the event that the Approved Claims to be paid out of the Settlement Fund exceed the available cash in the Settlement Fund, all Cash Benefits will be reduced in a *pro rata* proportion.

22. In the event there remains cash left in the Settlement Fund after all Approved Claims have been paid, the Settlement Administrator shall distribute the remaining

value from the Settlement Fund to the Electronic Privacy Information Center, 1718 Connecticut Ave. NW Washington, DC 20009, and/or such other recipient as designated by the Court.

23.     The Court further approves the establishment of the Common Fund as set forth in the Agreement and the Escrow Agreement submitted by the Parties.

24.     The Court finds that the Settlement Fund is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)     The escrow account for the Settlement Fund is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b)     The escrow account for the Settlement Fund is established to resolve or satisfy one or more Claims that have resulted or may result from an event that has occurred and that has given rise to at least one Claim asserting liability arising out of an alleged violation of law; and

(c)     The assets of the escrow account for the Settlement Fund are segregated from other assets of Burger King Corporation, the transferors of the payment to the Settlement Fund.

25.     Under the "relation back" rule provide under Section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The escrow account for the Settlement Fund met the requirements of paragraphs 22 and 23 of this Order prior to the date of this Order approving the establishment of the Settlement Fund subject to the continued jurisdiction of this Court; and;

(b)     Defendant and the Settlement Administrator may jointly elect to treat the escrow account for the Settlement Fund as coming into existence as a "qualified settlement fund" on the later of the date the escrow account for the Settlement Fund met the requirements of paragraph 22 of this Order or January 1 of the calendar year in which all of the requirements of paragraph 22 of this Order are met. If such a relation-back election is made, the assets held by the escrow account for the Settlement Fund on such date shall be

treated as having been transferred to the escrow account for the Settlement Fund on that date.

26. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant.

27. In the event that the Settlement Agreement does not become effective according to its terms, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

28. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against Defendant or any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

29. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

30. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

Dated: April 15, 2015

_____